UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

NOLITA CARIDAD LORQUET,

                      Plaintiff,

            -against-

CENTURY 21 DEP'T STORES, LLC,

                      Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

15cv5965

OPINION & ORDER

WILLIAM H. PAULEY III, District Judge:

        Pro se plaintiff Nolita Caridad Lorquet brings this employment discrimination action against Century 21 Department Stores, LLC ("Century 21"). Century 21 moves to dismiss the Complaint and asks this Court to preclude Lorquet from refiling claims against Century 21. Century 21's motion to dismiss for failure to state a Title VII claim is granted and its motion to preclude Lorquet from refiling claims is denied.

## BACKGROUND

        Because Lorquet is proceeding pro se, this Court accepts the factual allegations in her Complaint, her letter opposing Defendant's request for a pre-motion conference (ECF No. 10 ("Pl.'s Letter")), and her opposition to Defendant's Motion to Dismiss (ECF No. 18 ("Pl's Opp.")).[1] Lorquet, an African-American woman, worked as a sales floor associate at Century 21's downtown Manhattan store from July 2013 to May 2014. (Pl.'s Letter at 2.) According to Lorquet, her managers Joyce Au Yeung and Batsheva Sharabi monitored her work closely on a

---

[1] "A district court deciding a motion to dismiss may consider factual allegations made by a pro se party in h[er] papers opposing the motion" to determine whether those additional allegations state a claim. Walker v. Schult, 717 F.3d 119, 122 n.1 (2d Cir. 2013).

daily basis and "ridicule[ed]" her job performance. (Pl.'s Letter at 1.) She alleges that her supervisors diminished her self-confidence and made her "look like a puppet." (Compl. at 2–3.)

Lorquet also alleges that Sharabi attempted to strike her with clothing hangers when she offered to help move a coat rack. (Compl. at 3; Pl's Opp. at 2–3.) According to Lorquet, Sharabi pointed to another African-American sales associate and told Lorquet to "go help one of her own." (Pl's Opp. at 2–3.) On another occasion, Sharabi instructed Lorquet not to engage store customers in conversation. Lorquet speculates that Sharabi was "surprised to see a Black woman at ease with White guests." (Pl.'s Letter at 2.)

On May 16, 2014, Lorquet resigned from Century 21 and informed the Human Resources Department that she was leaving for medical reasons. (Pl.'s Letter at 3.) After leaving, she filed a race discrimination complaint with the New York State Division of Human Rights. On June 9, 2015, the State Division concluded that there was no probable cause to believe Century 21 engaged in discriminatory behavior.[2] (Def.'s Mot. to Dismiss at Ex. C, ECF 16–3.) One month later, the Equal Employment Opportunity Commission ("EEOC") adopted the findings of the New York State Division of Human Rights and issued a Notice of Right to Sue. (Compl. at 5.) Four days later, Lorquet filed this action.[3] (Compl. at 1.)

LEGAL STANDARD

On a motion to dismiss, the factual allegations in a complaint are accepted as true and all reasonable inferences are drawn in the plaintiff's favor. Rescuecom Corp. v. Google Inc., 562 F.3d 123, 127 (2d Cir. 2009). To survive a motion to dismiss, "a complaint must contain

---

[2] "A court may take judicial notice of the records of state administrative procedures, as these are public records, without converting a motion to dismiss to one for summary judgment." Evans v. New York Botanical Garden, No. 02-cv-3591 (RWS), 2002 WL 31002814, at *4 (S.D.N.Y. Sept. 4, 2002).

[3] Lorquet originally filed her claim as both a racial discrimination and disability discrimination claim. (Compl. at 3). Lorquet withdrew her disability discrimination claim during the November 13, 2015 initial pretrial conference. (Nov. 13, 2015 Conference Tr. at 3:13 (ECF No. 8).)

sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted); Ruston v. Town Bd. for Town of Skaneateles, 610 F.3d 55, 59 (2d Cir. 2010).  However, "factual allegations must be enough to raise a right to relief above the speculative level."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

A pro se litigant's submissions are held to "less stringent standards than [those] drafted by lawyers."  Erickson v. Pardus, 551 U.S. 89, 94 (2007).  Courts must "liberally construe pleadings and briefs submitted by pro se litigants, reading such submissions to raise the strongest arguments they suggest."  Bertin v. United States, 478 F.3d 489, 491 (2d Cir. 2007) (internal citation and quotation marks omitted).  "These liberal pleading rules apply with particular stringency to complaints of civil rights violations."  Phillip v. Univ. of Rochester, 316 F.3d 291, 293–94 (2d Cir. 2003).   Nevertheless, courts need not accept as true "conclusions of law or unwarranted deductions of fact."  First Nationwide Bank v. Gelt Funding Corp., 27 F.3d 763, 771 (2d Cir. 1994) (internal citations omitted).

## DISCUSSION

Century 21 moves to dismiss Lorquet's Title VII claim and preclude her from refiling claims against Century 21.

### I.  Title VII Claim

Title VII of the Civil Rights Act of 1964 prohibits employers from discriminating on the basis of race, color, religion, sex, or national origin.  42 U.S.C. § 2000e-2(a)(1).  A Title VII complaint must be "plausibly supported by facts . . . that the plaintiff is a member of a protected class, was qualified, suffered an adverse employment action, and has at least minimal support for the proposition that the employer was motivated by discriminatory intent."  Littlejohn

v. City of New York, 795 F.3d 297, 311 (2d Cir. 2015).  In pleading discriminatory intent at the motion to dismiss stage, a plaintiff need only "sustain a minimal burden of showing facts suggesting an inference of discriminatory motivation." Littlejohn, 795 F.3d at 311 (emphasis in original); see also Vega v. Hempstead Union Free Sch. Dist., 801 F.3d 72, 84 (2d Cir. 2015).

Construing Lorquet's allegations in the most favorable light, she asserts a "hostile work environment" theory of liability.  Under Title VII, a hostile work environment exists when "the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter conditions of the victim's employment and create an abusive working environment." Harris v. Forklift Sys., Inc., 510 U.S. 17, 21 (1993).  Courts consider "'all the circumstances,' including 'the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance.'" Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 116 (2002) (quoting Harris, 510 U.S. at 23).  A plaintiff must plausibly plead that the hostile conduct occurred because of their membership in a protected class.  See Alfano v. Costello, 294 F.3d 365, 378 (2d Cir. 2002).

Lorquet's allegations do not support an inference of a severely or pervasively hostile work environment.  The thrust of her complaint is that her managers supervised her work closely and reprimanded her in front of coworkers.  But "Title VII 'does not set forth a general civility code for the American workplace.'" Redd v. New York Div. of Parole, 678 F.3d 166, 176 (2d Cir. 2012) (quoting Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53, 68 (2006)). Workplace indignities such as public reprimands and close scrutiny may cause embarrassment, but they do not give rise to an inference of discrimination.  See Edwards v. N.Y. State Unified Court Sys. 12-cv-46 (WHP), 2012 WL 6101984, at*6 (S.D.N.Y. Nov. 20, 2012) (finding

insufficient a plaintiff's allegations that "her supervisors closely monitored her during the workday and that they sometimes chastised her").

Moreover, Lorquet fails to connect her unfavorable treatment to her membership in a protected class. Lorquet's complaints of constant supervision, reprimands, and "eavesdropping" do not support an inference of racial animus. See Moore v. Verizon, No. 13-cv-6467 (RJS), 2016 WL 825001, at *12 (S.D.N.Y. Feb. 5, 2016) (dismissing claims premised on supervisors' close monitoring and "rude conduct" because they were "not tethered to the necessary discriminatory animus required to state a claim").

Indeed, Lorquet offers only a single incident that may implicate her membership in a protected class: Sharabi's instruction that Lorquet "go help one of her own" while pointing to another African-American sales associate. (Pl's Opp. at 2–3.) While this Court does not condone a comment that may be freighted with racial overtones, that isolated comment does not "meet the threshold of severity or pervasiveness" necessary to state a claim. Alfano, 294 F.3d at 374; see also Yan v. Ziba Mode Inc., 15-cv-47 (RJS), 2016 WL 1276456, at *6 (S.D.N.Y. Mar. 29, 2016) (dismissing claims of a Chinese hair stylist who received occasional comments from co-workers ridiculing his accent); Hagan v. City of New York, 39 F. Supp. 3d 481, 499 (S.D.N.Y. 2014) (noting that an isolated incident must be "extraordinarily severe" to form the basis of a claim).

Additionally, Lorquet's allegation that her supervisors prohibited her from speaking with customers because she is African American is mere conjecture. She does not plead any facts indicating that such an instruction was given because of her race. Nor does she allege that sales associates who were not members of her protected group received different instructions. Cf. Hill v. Rayboy–Brauestein, 467 F. Supp. 2d 336, 360 (S.D.N.Y. 2006) ("When

a person only makes general allegations that African-Americans are treated differently in the workplace, those allegations are insufficient to support a hostile work environment claim.").

In sum, reading Lorquet's allegations as broadly as possible, they do not give rise to an inference of discriminatory animus.  See Harris, 510 U.S. at 23; see also Moore, 2016 WL 825001, at *12 (finding a combination of rude comments, harsh tones, angry stares, insulting remarks, close monitoring, and one minor physical altercation with a supervisor insufficient). Accordingly, Lorquet fails to state a Title VII claim.

II.     Century 21's Proposed Sanction

Century 21 seeks to bar Lorquet from filing additional employment discrimination claims.  In support of that application, Century 21 notes that Lorquet is a "serial litigant" who has sued four other former employers in this District.  (Def.'s Mem. at 7, ECF No. 15.)  Despite admonitions from other judges, Lorquet refiled two of those prior claims.  Thus, this action represents Lorquet's seventh employment lawsuit.

While courts may "enjoin a vexatious litigant from filing another action" under certain circumstances, Mercer v. Harp, No. 1:14-CV-1029 (GTS/RFT), 2015 U.S. Dist. LEXIS 23295, at *18 (N.D.N.Y. Jan. 23, 2015), Century 21 has not demonstrated that such a blanket prohibition on filing additional claims is justified at this time.  That said, Lorquet is on notice that she may not simply reassert claims based on allegations already found insufficient here.

## CONCLUSION

Century 21's motion to dismiss the Complaint is granted, and its motion for sanctions is denied. The Clerk of Court is directed to terminate any pending motions, close this case, and mail a copy of this Opinion & Order to Nolita Lorquet.

Dated: August 4, 2016
      New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.